**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN DERRICK IRVIN, | No. 11-55540 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07925-AHS-CW |
| v. | |
| LEROY D. BACA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Submitted April 17, 2012[**]

Before:      LEAVY, PAEZ, and BEA, Circuit Judges.

Steven Derrick Irvin, a California civil detainee, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

defendants used excessive force and denied him medical treatment.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed the Irvin's excessive force claim against Baca in his individual capacity because Irvin failed to allege facts sufficient to show that Baca was personally involved in the alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (government officials not individually liable under § 1983 on theory of respondeat superior); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

The district court also properly dismissed Irvin's excessive force claim against Baca in his official capacity because Irvin failed to allege facts sufficient to show that a county policy or custom caused him to be shackled. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (a claim against a public official in his or her official capacity is the same as a claim against the governmental entity); *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (a municipality is liable under § 1983 only if the unconstitutional conduct is caused by a municipal policy or custom, or by a failure to train officials properly).

The district court properly dismissed Irvin's Fourteenth Amendment claims against the Doe defendants because Irvin failed to allege facts showing that defendants' decisions regarding shackling were a substantial departure from accepted professional judgment. *See Youngberg v. Romeo*, 457 U.S. 307, 320-23 (1982) (recognizing physical restraint of civil detainees is necessary at certain times and is subject to reasonable professional judgment).

The district court also properly dismissed Irvin's claim against Dr. Kim because Irvin failed to allege facts sufficient to show that Dr. Kim was responsible for the delays in Irvin's medical treatment. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992) (no deliberate indifference where doctor defendants not responsible for delays in treatment), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) (deliberate indifference standard applies to medical treatment claims by pretrial detainees); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (constitutional rights of civil detainees are similar to pretrial detainees).

The district court did not abuse its discretion in denying Irvin leave to amend his first amended complaint, where it had previously provided notice of the complaint's deficiencies and granted leave to amend. *See Chodos v. West Publ'g*

*Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that court's discretion is particularly broad where it has already granted leave to amend).

Irvin's remaining contentions are unpersuasive.

**AFFIRMED.**

11-55540